```
SEPEHR TORABI
3253 Caminito East Bluff, #26
La Jolla, California 92037
Phone: (858) 518-1515
```

Plaintiff, In Pro Se

FILED

2012 AUG 23   AM 11: 04

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEPEHR TORABI<br><br>Plaintiff / Claimant<br><br>vs.<br><br>WASHINGTON MUTUAL BANK CHASE BANK, DEUTSCHE BANK; CITIBANK, CALIFORNIA RECONVEYANCE COMPANY, and, DOES 1 through 10, INCLUSIVE<br><br>Defendants / Respondents | Case No. 12-CV-1299-WQH-BLM<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS CASE UNDER F.R.C.P. § 12(b)(6)<br><br>Date:         September 04, 2012<br>Time:         11:00 a.m.<br>Courtroom:  04, Hon. William Q. Hayes |

## I. INTRODUCTION

Plaintiff Sepher Torabi ("Plaintiff") hereby opposes the Motion to Dismiss of Defendant JP Morgan Chase Bank,,("Defendant" or "Chase"). The goal of this case is simple – WAMU/Chase has broken promises it made to modify Plaintiffs and similarly situated borrowers mortgage(s), and instead fraudulently foreclose on properties, post assignment to third parties, thereby benefitting from the sizeable equity contained therein. Unnecessary and inappropriate foreclosures on California families has been rampant. Chase's failure to honor its obligations thus has and will continue to have tragic consequences.

In 2009, recognizing a national economic calamity of unprecedented scope, the federal government created a program – the Home Affordable Modification Program or "HAMP" – explicitly designed to prevent foreclosures. For privately held loans, participation by mortgage servicers in this program was voluntary and indeed, CHASE signed up to participate.

1  The aim of the program was to provide incentives for servicers to modify loans. The modifications are intended to make home mortgages affordable for borrowers who have already defaulted or who attest to an imminent risk of default. This agreement, draws on HAMP as the source of its governing principles. Plaintiff executed a binding agreement with CHASE immediately prior to assignment to Deutsche Bank with an explicit bargained-for exchange – if a homeowner complied with the agreement, CHASE promised to tender them a permanent loan modification with definite terms .Plaintiff delivered on his end of the bargain providing the documentation requested, which verified his eligibility. CHASE's voluntary participation in HAMP, has been accompanied by a dismal track record for completing HAMP modifications. This routine failure bespeaks a systemic flaw – CHASE is not meeting the obligations it creates when it enters into Loan Modification Agreements.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) cannot be granted unless the Court is satisfied that no relief could be granted under any set of facts that could be proved consistent with the allegation. *Hishon v. King & Spalding*, 476 U.S. 69, 73 (1984).

The issue is not whether Plaintiff will prevail at the end, but only whether they should be entitle to offer evidence to support their claims. *Oshiver v. Leven, Fishbein, Sedran & Berman*, 38 F.3d 1380, 91-92 (3d Cir. 1994).

In order to survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). If the facts as pled allow the Court to draw a reasonable inference that the Defendant is liable for alleged misconduct, the motion to dismiss must be denied. *Id.* Such is the case here.

## III. ARGUMENT

**A.  Chase Bank's Motion Misleads the Court in At Least One Important Respect.**

On or about January 28, 2009, an Assignment of Deed of Trust regarding Plaintiff's Deed of Trust, ("DOT"), was recorded with the San Diego County Recorder's Office.

1   The Assignment, assigned Deutsche Bank, N.A, as trustee for WAMU 2005-AR2
2   all beneficial interest under Plaintiff's "DOT". Notwithstanding, Defendant CHASE ordered its
3   trustee to foreclose on Plaintiffs property on July 23, 2009, after Plaintiffs Deed had been
4   transferred. (COMP. Page 5, ¶ 17).

5   **B.    Plaintiff's First Claim to Set Aside Trustee Sale is Valid**

6   Defendant CHASE asserts that but for Plaintiffs failure to fully tender the amount
7   necessary to cure the default he is barred from seeking relief to set aside the foreclosure. Plaintiff
8   asserts that on or about January 28, 2009, he had, and has, the funds necessary to cure the default
9   and establish his ability to purchase the property.  But for Defendants, and each of their, faulty
10  transfer of Plaintiffs Deed of Trust, Defendants and each of them could not establish: a) who
11  owned Plaintiffs Note, and; b) the exact amount to tender.

12  Plaintiff does not deny that the funds are not owed to the lawful beneficiary, however
13  from January 28, 2009, through and until the date of foreclosure the foreclosing trustee could not
14  provide the information to Plaintiff.

15  Moreover, immediately prior to the assignment to Deutsche, Plaintiff had entered into an
16  agreement with Chase which included a "Trial Period Plan, (TPP).The fact that Plaintiff was
17  required to make payments in specific amounts requested by Chase and differing from his prior
18  obligation independently satisfies the requirement of consideration. The Modification Agreement
19  is an exchange of mutual promises to alter the timing and conditions of payment of a debt. Such
20  mutually agreed changes in performance constitute consideration.

21  The TPP Agreement is supported by legally sufficient consideration. The requirement of
22  consideration is satisfied if there is either a benefit to the promisor or a detriment to the promisee.
23  *See Brody v. Gabriel,* 193 Cal. App. 2d 644, 645, (1961). The adequacy of the consideration (its
24  monetary value) is not relevant, so long as there is some consideration. *See Schumm v. Berg*
25  (1951) 37 Cal. 2d 174, 185 (1951); *Rice v. Brown,* 120 Cal. App. 2d 578, 582, (1953).
26  /././
27  /././
28  /././

**C.     Plaintiff Has Stated a Claim for Unlawful Enrichment.**

A general equitable principle is that no person or persons should be allowed to profit at another's expense without making restitution for the reasonable value of any property, services, or other benefits that have been unfairly received and retained.

Cal. Civ. Code § 3426.3 states as follows:

(a) A complainant may recover damages for the actual loss caused by misappropriation. A complainant also may recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss.

(b) If neither damages nor unjust enrichment caused by misappropriation are provable, the court may order payment of a reasonable royalty for no longer than the period of time the use could have been prohibited.

( c ) <u>If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subdivision (a) or (b)</u>. [Emphasis added]

In the instant case, whereas, Defendant Chase assigned all proprietary rights to Defendant Deutsche and thereafter profited from the sale of Plaintiff's property to the detriment of Plaintiff, Plaintiff has adequately plead the elements necessary to assert a claim for relief for unlawful enrichment.

**D.     Plaintiff Has Stated a Claim for Relief Under Section 17200**

An act is "unlawful" under California's UCL (section 17200) if it violates an underlying state or federal statute or common law. *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal.4th 163, 180 (Cal. 1999). As stated above, and as alleged in the Complaint, Defendants violate common law for Unjust Enrichment, Fraud, Negligence.

**E.     Plaintiff Has Stated a Claim for Fraud**

Under California law, a wrongful action is generally characterized as "fraud" if the party seeking relief based reasonable reliance upon a false statement to change his or her position or which are shown by facts within his observation to be so patently and obviously false that he must have closed his eyes to avoid discovery of the truth." <u>Seeger v. Odell</u> (1941) 18 Cal. 2d 409.

In the instant case, Defendant Chase Bank failed to disclose and concealed certain material facts with the intent to defraud the Plaintiff, which Plaintiff has sufficiently plead.

**F.      Plaintiff Has Stated a Claim for Negligence**

Plaintiff asserts that Defendant Chase Bank is responsible, not only for the result of its willful act, specifically foreclosing on Plaintiffs property after it had assigned all rights under Plaintiffs Deed to Deutsche Bank, but also for an injury occasioned to the Plaintiff by their want of ordinary care or skill in the management of Plaintiffs property (Cal.Civ.Code § 1714(a).) "Negligence is not the act itself, but the fact which defines the character of the act, and makes it a legal wrong." *Stephenson v. Southern Pac. Co.* (1894) 102 Cal. 143, 147. Plaintiff has stated all the facts that are sufficient to support a cause of action for negligence

## IV . CONCLUSION

WHEREFORE, Plaintiff prays the Court deny Defendant's Motion to Dismiss in its entirety. In the event the Court upholds the instant motion, Plaintiff requests leave to file its First Amended Complaint.

The foregoing memorandum of points and authorities is respectfully submitted by Plaintiff, Sepher Torabi.

Dated: August 21, 2012              By: _____
                                         Sepher Torabi
                                         Plaintiff

## PROOF OF SERVICE
[F.R.C.P. Sec. II, Rule 4.1(a)]

UNITED STATES DISTRICT COURT      )
                                  )
                                  )
                                  ) §§:  Case No: 12-CV-1299-WQH-BLM
                                  )
SOUTHERN DISTRICT OF CALIFORNIA   )

I am employed in the City of Carlsbad, County of San Diego, State of California. I am over the age of 18 years and not a party to the within mentioned action. My business address is 2725 Jefferson St., Carlsbad, California 92008. On **August 21, 2012** caused the document(s) named below to be served on the interested parties in this action as follows:

THEODORE E. BACON, ESQ.
LAW OFFICES OF ALVARDO & SMITH
633 W. FIFTH STREET, STE. 1100
LOS ANGELES, CALIFORNIA 90071

**DOCUMENTS SERVED:** MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS

[ X ]  **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Oceanside, California. I am readily familiar with the correspondence for mailing, said practice being that in the ordinary course of business, mail is to be deposited in the United States Postal Service the same day as it is placed for collection.

[   ]  **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee(s)

[   ]  **(BY SUBSTITUTED SERVICE ON NATURAL PERSON, MINOR, CONSERVATEE, OR CANDIDATE)** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household apparently in charge of the home, office, or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid), copies to the person served at the place where the copies were left.

[   ]  **(BY FACSIMILE)** I caused to be transmitted the document(s) described herein at approximately 3:00 p.m. via the Facsimile number(s) listed above. A copy of the transmission report(s) are attached hereto.

I hereby declare under penalty of perjury, under the laws of the State of California that the above is true and correct.

Executed on:  August 21, 2012

LAURA S. SHON