THEODORE E. BACON (CA Bar No. 115395)
tbacon@alvaradosmith.com
DAVID J. MASUTANI (CA Bar No. 172305)
dmasutani@alvaradosmith.com
ALVARADOSMITH
A Professional Corporation
633 W. Fifth Street, Suite 1100
Los Angeles, CA 90071
Tel: (213) 229-2400
Fax: (213) 229-2499

Attorneys for Defendants
JPMorgan Chase Bank, N.A. an acquirer of certain assets
and liabilities of Washington Mutual Bank from the Federal
Deposition Insurance Corporation Acting as Receiver,
erroneously sued as "Chase Bank," and California
Reconveyance Company

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEPEHR TORABI,<br><br>      Plaintiff,<br><br>   v.<br><br>WASHINGTON MUTUAL BANK, CHASE BANK, DEUTSCHE BANK, CITIBANK, CALIFORNIA RECOVNEYANCE COMPANY, and, DOES 1 through 10, INCLUSIVE<br><br><br>      Defendants. | Case No. 12-CV-1299-WQH-BLM<br><br>Hon. William Q. Hayes<br><br>**DEFENDANTS JP MORGAN CHASE BANK, N.A,'S AND CALIFORNIA RECONVEYANCE'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FRCP 12(B)(6)**<br><br>**[NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT]**<br><br>DATE:      September 4, 2012<br>TIME:      11:00 a.m.<br>CTRM:     4 (4th Floor)<br><br>**Action Filed:**      May 30, 2012 |

ALVARADOSMITH
ATTORNEYS AT LAW

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants JPMorgan Chase Bank, N.A. an acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposition Insurance Corporation Acting as Receiver, erroneously sued as "Chase Bank" ("JPMorgan"), and California Reconveyance Company ("CRC") (collectively "Defendants") respectfully submit the following Memorandum of Points and Authorities in reply to opposition to their Motion to Dismiss the Complaint ("Complaint") of plaintiff Sepher Torabi ("Plaintiff") under Federal Rules of Civil Procedure ("FRCP") section 12(b)(6).

## I.    SUMMARY OF ARGUMENT

Plaintiffs' Opposition to the Motion to Dismiss offers nothing in terms of substantive opposition to the legal arguments raised in the motion or explanation of how Plaintiff can amend his Complaint to state claims against Defendants.  As a result, Defendants' Motion to Dismiss should be granted without leave to amend.

## II.   PLAINTIFF'S FIRST CLAIM TO SET ASIDE AND VACATE THE TRUSTEE'S SALE FAILS DUE TO PLAINTIFF'S FAILURE TO TENDER THE AMOUNT OWED ON THE LOAN

In their Motion to Dismiss, Defendants cited numerous cases establishing that in order to maintain a claim to set aside and vacate a trustee's sale, the plaintiff is required to tender the entire amount owed on the loan. *Fleming v. Kagan*, 189 Cal.App.2d 791, 796-797 (1961); *United States Cold Storage v. Great Western Savings & Loan Association*, 165 Cal.App.3d 1214, 1225 (1985); *Karlsen v. American Savings & Loan Association*, 15 Cal.App.3d 112 (1971); *Abdallah v. United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996).  In response, Plaintiff argues that he could have tendered in 2009, but makes no representation that he is willing and able to tender the entire amount owed on the subject loan (the "Loan") at this time in order to maintain this claim.

ALVARADOSMITH
ATTORNEYS AT LAW

1   Additionally, Plaintiff failed to address the fact that of 12 U.S.C. § 3757 is
2   inapplicable because the Loan was not foreclosed by the Secretary of the Department
3   of Housing and Urban Development ("HUD"), nor did Plaintiff refute Defendants'
4   argument that the Notice of Trustee's Sale recorded against the Subject Property
5   complied with Civil Code § 2924f .

6   As a result, Defendants' motion as to the first claim should be granted without
7   leave to amend.

8   **III.   UNJUST ENRICHMENT IS A REMEDY, NOT A CLAIM –**
9   **THEREFORE PLAINTIFF'S SECOND CLAIM FOR UNJUST**
10  **ENRICHMENT FAILS**

11  Plaintiff's second claim for unjust enrichment fails because "unjust enrichment
12  is not a cause of action." *Jogani v. Superior Court of Los Angeles County*, 165 Cal.
13  App. 4th 901, 911 (2008), *citing Melchior v. New Line Productions, Inc.*, 106 Cal.
14  App. 4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust
15  enrichment."). Moreover, Plaintiff has failed to allege a valid claim that would
16  provide for an unjust enrichment remedy that is capable of withstanding this Motion
17  to Dismiss. Therefore, Defendants' motion as to Plaintiff's second claim must be
18  granted without leave to amend.

19  **IV.   PLAINTIFF THIRD CLAIM FOR VIOLATION OF BUSINESS &**
20  **PROFESSIONS CODE § 17200 FAILS**

21  In his Opposition, as to the his third claim for violation of Business &
22  Professions Code § 17200 (Unfair Competition Law, or "UCL"), the sum and
23  substance of Plaintiff's argument is his conclusory contention that, as he claims to
24  have alleged in his Complaint, "Defendants violate common law for Unjust
25  Enrichment, Fraud, Negligence." Opposition, p. 4:18-21.

26
27
28

ALVARADOSMITH
ATTORNEYS AT LAW

1    Other than in the conclusory sentence referenced above, Plaintiff fails to refute

2 Defendants' contention that Plaintiff 's UCL allegations contained in his Complaint are

3 wholly inadequate.

4    Plaintiff offers no response to Defendants' contention that his allegations at ¶¶

5 25-28 of his Complaint that JPMorgan and co-defendant WaMu conducted the

6 trustee's sale in violation of 12 U.S.C § 3757 and California Civil Code § 2924, *et seq.*,

7 fail because 12 U.S.C § 3757 does not apply to the Loan, and Plaintiff has otherwise

8 failed to allege facts constituting lack of compliance with California Civil Code §

9 2924, et seq.  Because Plaintiff has failed to allege in his Opposition how Plaintiff

10 could possibly amend his Complaint to allege a UCL claim, Plaintiff's fourth claim

11 should also be dismissed without leave to amend.

12 **V.    PLAINTIFF'S FOURTH CLAIM FOR FRAUD FAILS DUE TO**

13 **PLAINTIFF'S FAILURE TO ALLEGE THE ELEMENTS OF FRAUD**

14 **WITH THE REQUISITE DEGREE OF SPECIFICITY, WHETHER**

15 **FRAUD UNDER COMMON OR BUSINESS & PROFESSIONS CODE §**

16 **17200**

17    In his Complaint, Plaintiff identifies his fourth claim as one for "Common Law

18 Fraud," but in the body of his Complaint, Plaintiff clearly bases his fourth claim upon

19 the "fraudulent" prong of Business & Professions Code § 17200.  Yet, in his

20 Opposition, Plaintiff cites to the common law to support his conclusory contention that

21 he has stated a claim for fraud.  Either way, Plaintiff's fraud claim fails.

22    The elements necessary to state a cause of action for fraud are: (1) a false

23 representation of a material fact; (2) knowledge of the falsity (*scienter*); (3) intent to

24 induce reliance; (4) justifiable reliance; and (5) resulting damage.  *Philipson & Simon*

25 *v. Gulsvig,* 154 Cal. App. 4th 347, 363 (2007).   The particularity requirement for

26 fraud mandates pleading facts that "show how, when, where, to whom, and by what

27 means the representations were tendered." *Robinson Helicopter Co., Inc. v. Dana*

28

ALVARADOSMITH
ATTORNEYS AT LAW

1    *Corp.,* 34 Cal. 4th 979, 993 (2004).

2          Federal Rule of Civil Procedure ("FRCP") 9(b) requires a cause of action for

3    fraud to be pled with particularity and "with a high degree of meticulousness."

4    *Desaigoudar v. Meyercord* 223 F3d 1020, 1022–1023 (9th Cir. 2000).  Conclusory

5    allegations without a factual description of the underlying conduct will not satisfy the

6    requirements for pleading fraud with particularity and may warrant dismissal.  *In re*

7    *Barr*, 188 B.R. 565, 570 (Bkrtcy.N.D.Ill., 1995), (Citing *Veal v. First Am. Sav. Bank*

8    914 F.2d 909, 913 (7th Cir.1990).

9          In his Opposition, Plaintiff argues that Defendant JPMorgan, with no mention of

10   Defendant CRC, committed fraud when it "failed to disclose and concealed certain

11   material facts with the intent to defraud the Plaintiff, which Plaintiff has sufficiently

12   plead."  Opposition, p. 4:27-28.  Plaintiff fails to allege, in his Opposition and in the

13   Complaint itself, what material facts JPMorgan was obligated to disclose, when it was

14   obligated to disclose them, and who concealed or failed to disclose those material

15   facts.  Moreover, Plaintiff again failed to allege how he could possibly amend his

16   Complaint to state a claim for fraud.

17         Based on the foregoing, Plaintiff's fourth claim should be dismissed without

18   leave to amend.

19   **VI.   PLAINTIFF'S FIFTH CLAIM FOR NEGLIGENCE FAILS DUE TO**

20   **THE LACK OF A DUTY OF CARE OWED BY DEFENDANTS TO**

21   **PLAINTIF**

22         In his Opposition, Plaintiff completely fails to address the fact that neither

23   JPMorgan nor CRC owed Plaintiff a legal duty of care.  *Perlas v. GMC Mortg., LLC,*

24   187 Cal.App.4th 429, 436 (2010); *Nymark v. Heart Fed. Savings & Loan Assn.*, 231

25   Cal. App. 3d 1089, 1093 (1991) (generally, "a financial institution owes no duty of care

26   to a borrower when the institution's involvement in the loan transaction does not

27   exceed the scope of its conventional role as a mere lender of money."); *Abdallah v.*

28

ALVARADOSMITH
ATTORNEYS AT LAW

*United Savings Bank*, 43 Cal.App.4th 1101, 1109 (1996) (trustee under a deed of trust owes no legal duty to the trustor).  Having failed to establish the very first element of negligence, the existence of a legal duty of care owed by Defendants to Plaintiff, Plaintiff's negligence claim fails and must be dismissed.

Further, because Plaintiff has failed to demonstrate how he can amend his Complaint to overcome the rules stated in *Perlas, Nymark* and *Abdallah* and establish a legal duty of care on the part of Defendants, Plaintiff's claim for negligence should be dismissed without leave to amend.

**VII.  PLAINTIFF'S SIXTH "CLAIM" FOR APPLICATION FOR A TRO IS UNOPPOSED AND SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND**

Plaintiff's "claim" for injunctive relief is unopposed.  Having abandoned it, Plaintiff's sixth cause of action should be dismissed without leave to amend.

**VIII.  CONCLUSION**

For the foregoing reasons, and the reasons stated in their moving papers, defendants JPMorgan and CRC respectfully request that the Court dismiss the Complaint in its entirety, without leave to amend.

DATED:  August 28, 2012              Respectfully submitted,

ALVARADOSMITH
A Professional Corporation

By:    /s/ Theodore E. Bacon
THEODORE E. BACON
DAVID J. MASUTANI
Attorneys for Defendants
JPMorgan Chase Bank, N.A. an acquirer
of certain assets and liabilities of
Washington Mutual Bank from the Federal
Deposition Insurance Corporation Acting
as Receiver, erroneously sued as "Chase
Bank," and California Reconveyance
Company

ALVARADOSMITH
ATTORNEYS AT LAW

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is ALVARADOSMITH, APC 633 W. Fifth Street, Suite 1100, Los Angeles, CA 90071.

On August 28, 2012, I served the foregoing document described as **DEFENDANTS JP MORGAN CHASE BANK, N.A.,' SAND CALIFORNIA RECONVEYANCE'S MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO OPPOSITION TO THEIR MOTION TO DISMISS COMPLAINT PURSUANT TO FRCP 12(B)(6)** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

Sepher Torabi, *Pro Se*
3253 Caminito East Bluff #26
La Jolla, CA 92037
Tel. (858) 518-1515

☐ **BY ELECTRONIC SERVICE:** Pursuant to CM/ECF System, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities. The Court's CM/ECF system sends an email notification of the filing to the parties and counsel of record listed above who registered with the Court's CM/ECF system.

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☒ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or FedEx Drop Box located at 633 W. Fifth Street, Los Angeles, California 90071. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY REGULAR MAIL:** I placed such envelope with postage thereon fully paid in the United States mail at Los Angeles, California. I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing. It is deposited with U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on August 28, 2012, at Los Angeles, California.

_____
Belinda Slack

ALVARADOSMITH
ATTORNEYS AT LAW

3288391.1 -- AL109.W2011