# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEPEHR TORABI<br><br>        Plaintiff,<br> vs.<br>WASHINGTON MUTUAL BANK;<br>CHASE BANK; DEUTSCHE BANK;<br>CITIBANK; CALIFORNIA<br>RECONVEYANCE COMPANY;<br>DOES 1 through 50 inclusive,<br><br>        Defendants. | CASE NO. 12cv1299-WQH-BLM<br><br>ORDER |

HAYES: Judge:

  The matter before the Court is the Motion to Dismiss the First Amended Complaint filed by Defendants JP Morgan Chase Bank, N.A., an acquirer of certain assets and liabilities of Washington Mutual Bank from the Federal Deposition Insurance Corporation Acting as Receiver, erroneously sued as "Chase Bank," and California Reconveyance Company. (ECF No. 19).

## PROCEDURAL BACKGROUND

  On May 30, 2012, Plaintiff Sepehr Torabi, proceeding pro se, initiated this action by filing the Complaint against Washington Mutual Bank, Chase Bank, Deutsche Bank, Citibank and California Reconveyance Company. (ECF No. 1).

  On January 23, 2013, the Court granted a Motion to Dismiss filed by Defendant

1  California Reconveyance Company (ECF No. 3), and instructed Plaintiff to file any
2  motion for leave to amend the Complaint within 30 days. (ECF No. 7).

3        On February 26, 2013, Plaintiff filed a Motion for Leave to File First Amended
4  Complaint (ECF No. 13), which the Court granted on March 22, 2013. (ECF No. 17).
5  On July 9, 2013, Plaintiff filed a First Amended Complaint against Defendants
6  California Reconveyance Company, Chase Bank, Citibank, Deutsche Bank and
7  Washington Mutual Bank. (ECF No. 18).

8        On July 25, 2013, Defendants JP Morgan Chase Bank, N.A., an acquirer of
9  certain assets and liabilities of Washington Mutual Bank from the Federal Deposition
10 Insurance Corporation Acting as Receiver, and California Reconveyance Company
11 ("moving Defendants") filed the Motion to Dismiss the First Amended Complaint
12 Pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 19). On August 23,
13 2013, Plaintiff filed an opposition. (ECF No. 22). On August 27, 2013, Defendants JP
14 Morgan Chase Bank, N.A. and California Reconveyance Company filed a reply. (ECF
15 No. 23).

16       **ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

17       In the First Amended Complaint, Plaintiff makes the following factual
18 allegations:

19     Plaintiff is the owner of real property ... (hereinafter the 'Subject Property') ...
20

21     9. Plaintiff alleges that Defendants, WAMU, CHASE, and DEUTSCHE BANK conducted a Trustee Sale and unlawfully perfected foreclosure on Plaintiffs real property ... ostensibly to collect the unpaid balance on the Note secured by the security instrument that is identified in 'Exhibit 3.' ...
22

23     14. This action arises out of Defendant[']s interference with Plaintiff[']s due process and equal protections which was part of a broad conspiracy to deprive homeowners of due process in foreclosure proceedings in order to advance their financial interests. State action exists under California Code of Civil Procedure [section] 367 [] and California Civil Code [section] 2924 [,] et seq.
24
25
26

27     15. On or about September 01, 2008, Plaintiff entered into a loan modification program with Defendant CHASE, who had recently acquired Plaintiff[']s Note from the then defunct Washington Mutual Bank.
28

    16. On or about[] June 01, 2009, Defendant CHASE sent Plaintiff a faulty

loan modification package, requesting an increase in his monthly payment of approximately 45%[] notwithstanding that they had transferred and assigned Plaintiff[']s Note to Deutsche Bank nearly six months earlier.

17. Plaintiff contacted Defendant CHASE regarding the increase and was informed by CHASE that his loan had been sold to Deutsche Bank, and that he would have to negotiate a loan modification with them.

18. Plaintiff discovered that on or about January 28, 2009, an Assignment of Deed of Trust ('Assignment') regarding Plaintiff's Deed of Trust, ('DOT'), was recorded with the San Diego County Recorder's Office ... The Assignment assigned Deutsche Bank, N.A, as trustee for WAMU ... and was assigned all beneficial interest under Plaintiff's 'DOT'.

19. At that time, Plaintiff contacted Defendant Deutsche Bank regarding modification of his loan, and was informed that they had just recently acquired the loan and he would be contacted by Deutsche Bank via U.S. Mail as to his status and options.

20. A Default notice was filed on the Subject Property and, on or about January 28, 2009, a Notice of Default concerning the 'DOT' was recorded with the San Diego County Recorder's Office ... The NOD indicated that as of January 27, 2009, the Subject Loan was $6,446.34 in arrears.

21. A Notice of Trustee's Sale was recorded on 5/1/09 ... [which] contains a fatal error [] by stating WAMU [] as the owner, when the Assignment filed on 1/28/09 transferred the ownership to DEUTSCHE BANK as Trustee for WAMU ...

22. A foreclosure sale was conducted by WAMU on <u>July 23, 2009</u> ...

23. The trustee's deed upon sale is signed and notarized by Mrs. Karime Arias as Assistant Secretary, falsely attesting that the Grantee WAMU <u>was</u> the foreclosing beneficiary, after Chase had acquired the note and 6 [months] after Chase had sold the note to Defendant Deutsche.

24. ... Neither Defendant WAMU and/or CHASE were the real party in interest or true beneficiary at the time of the foreclosure based on the sequence of assignments and the following correction Deed filed on May 09, 2011, and therefore should be set aside. ...

27. Plaintiff asserts that at all times herein mentioned, each of the Defendants sued herein was the agent and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency and employment ...

38. Plaintiff was harmed and has been caused to incur considerable expense in order to prosecute Defendants and each of them for the unlawful foreclosure of his real property. Plaintiff has incurred further expense in obtaining proof that Defendants WAMU/Chase were not the real parties in interest and had no legal standing when it perfected the non-judicial foreclosure of Plaintiff[']s real property.

39. ... Plaintiff has been suffering from anxiety, a feeling of hopelessness, lost of trust, loss of confidence in and feelings of betrayal by the legislative and judicial systems and by legislators and judicial officers

sworn to defend the Constitution of the United States, shock, and emotional scarring, [which are] all compensable damages.

(ECF No. 18 at 2-8).

Plaintiff asserts eight claims for relief: (1) wrongful deprivation of title to property in violation of 42 U.S.C. section 1983; (2) fraud by omission in violation of 42 U.S.C. section 1985(3); (3) ongoing conspiracy in violation of 42 U.S.C. section 1985(3); (4) wrongful deprivation of title to property in violation of California Civil Code sections 2924 and 3412; (5) unjust enrichment; (6) disgorgement; (7) fraud in violation of California Business & Professions Code section 17200; and (8) negligence. (ECF No. 18).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969

(9th Cir. 2009) (quotations omitted).

## ANALYSIS

### I. Federal Law Claims

#### A. Wrongful deprivation of title to property in violation of 42 U.S.C. section 1983

In his first claim for relief, Plaintiff alleges that Defendants Washington Mutual, Chase, Deutsche Bank, Citibank and California Reconveyance Company deprived Plaintiff of his constitutionally protected interest in his property in violation of 42 U.S.C. section 1983. (ECF No. 18). Plaintiff alleges that each of the Defendants acted "und[er] the color of State law with the aid of a public trustee, an agent of the State." *Id*. at 7. Plaintiff alleges that "[t]he issuance by the Trustee of its Trustee Deed After Sale ... and the eviction which removes Plaintiff ... before the separate fair action is a pre-deprivation, even if temporarily, under the 14th Amendment." *Id*.

##### 1. Contentions of the Parties

Moving Defendants contend that claim one should be dismissed because "Defendants are private entities, and not state actors acting under the color of their authority." (ECF No. 23 at 1). Moving Defendants assert that an essential element of a 42 U.S.C. section 1983 case is the requirement that a person acts under color of state law, and contend that "Plaintiff has failed to allege any acts or omissions by the Defendants that are in any way attributable to the government." (ECF No. 19-1 at 6). Moving Defendants contend that there is no state action where "private entities [have] simply availed themselves of state law procedures to foreclose on property secured by a deed of trust." *Id*.

Plaintiff does not dispute that a claim brought pursuant to 42 U.S.C. section 1983 must allege that a person acted under the color of law. (*See* ECF No. 22 at 5). Plaintiff contends he has adequately alleged a section 1983 claim because the Complaint alleges that Defendants (1) acted "und[er] the color of State law with the aid of a public trustee, an agent of the State," (2) "violated and continue to violate [California Civil Code

section] 2924[,] et seq.," and (3) "denied [Plaintiff] his substantive Due Process and Equal Protection Rights provided by 42 U.S.C. [section] 1983." (ECF No. 18 at 7; ECF No. 22 at 5).

### 2.  Discussion

To state a claim for a 42 U.S.C. section 1983 civil rights violation, a plaintiff must demonstrate a deprivation of a right secured by the Constitution or laws of the United States, and that the defendant acted under color of state law. 42 U.S.C.§ 1983; *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003). "The purpose of section 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *McDade v. West*, 222 F.3d 1135, 1139 (9th Cir. 2000). "In cases under section 1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment." *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 928 (1982) (quoting *United States v. Price*, 383 U.S. 787, 794 n.7 (1966)). For seemingly private behavior to constitute state action, there must be a sufficiently close nexus between the State and the challenged action such that the party charged with the deprivation may be fairly treated as a state actor. *See Lugar*, 457 U.S. at 936 (1982); *See also Lee v. Katz*, 276 F.3d 550, 554 (2002). The utilization of legislatively enacted procedures by private entities does not implicate Constitutional concerns without at least some direct state involvement. *See Apao v. Bank of New York*, 324 F.3d 1091, 1093-94 (2003).

In the First Amended Complaint, Plaintiff does not allege that any Defendant is an agent of the state. Rather, Plaintiff alleges that Defendants acted "und[er] the color of State law with the aid of a public trustee, an agent of the State," and that "[t]he issuance by the Trustee of its Trustee Deed After Sale, which rests the right of title, and the eviction which removes Plaintiff ... before the separate fair action is a pre-deprivation, even if temporarily, under the 14th Amendment." (ECF No. 18 at 7). Based upon these allegations, the Court finds that Plaintiff has failed to adequately allege the existence of a sufficiently "close nexus between the state and the challenged

action such that [any Defendant] may be fairly treated [as a state actor]." *Kirtley*, 326 F.3d at 1092. The Court concludes that claim one must be dismissed as to the moving Defendants. *See Lugar*, 457 U.S. 922, 936-37 at 1092 (cognizable section 1983 claim must demonstrate defendant acted under color of state law). The Motion to Dismiss is granted as to claim one with respect to the moving Defendants.

**B.    Fraud by Omission and Ongoing Conspiracy in violation of 42 U.S.C. section 1985(3)**

In the second and third claims for relief, Plaintiff alleges that Defendants Washington Mutual, Chase, Deutsche Bank, Citibank, and California Reconveyance Company violated 42 U.S.C. section 1985(3) through an ongoing conspiracy to fraudulently deprive Plaintiff of his rights. (ECF No. 18). Plaintiff alleges that Defendant Chase fraudulently "failed to disclose the material fact that it had conveyed its beneficial interest to a third party prior to perfecting the non-judicial foreclosure of Plaintiff[']s real property asset." *Id.* at 8. Plaintiff alleges that the conspiracy was ongoing and prolonged, Defendant Chase Bank conveying its interest in the Subject Property to Defendant Deutsche six months prior to perfecting its non-judicial foreclosure through Defendant California Reconveyance Company. *Id.* at 9. Plaintiff alleges that the Deed of Trust was a fraudulent transaction in which Defendant transferred nothing, and that the Assignment of the Deed without authority to assign the note is a nullity. *Id.* at 8. Plaintiff alleges that Defendants' conspiracy in abusing the non-judicial foreclosure process to create an economic advantage was intended to deprive Plaintiff of his property without due process and equal protection under color of state law. *Id.* at 9.

**1.    Contentions of the Parties**

Moving Defendants contend that claims two and three should be dismissed because Plaintiff does not allege any racial or class-based animus, as required to prevail on a claim for relief under section 1985. (ECF No. 19-1 at 7). Alternatively, moving Defendants contend that the allegations of the Complaint fail to satisfy the heightened

pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. *Id*. at 7-8.

Plaintiff contends that claims two and three are sufficiently pled pursuant to Federal Rule of Civil Procedure 8. (ECF No. 22 at 5-6, 13).

### 2. Discussion

To state a claim for a 42 U.S.C. section 1985(3) violation, "a complaint must allege (1) a conspiracy, (2) to deprive any person or a class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or a deprivation of any right or privilege of a citizen of the United States." *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir. 1980) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971)). A violation of section 1985(3) requires that there be an intent to deprive of equal protection of rights secured by law to all, meaning that there must be some racial or class-based invidiously discriminatory motive behind the conspiracy. *Griffin*, 403 U.S. at 102.

In the First Amended Complaint, Plaintiff does not allege that he belongs to any protected class. Accordingly, Plaintiff has failed to adequately allege that Defendants acted with racial or class-based discriminatory motive, as required to state a claim for violation of section 1985(3). *See Griffin*, 403 U.S. at 102 (racial or class-based discriminatory motive is a required element to section 1985 claim). The Motion to Dismiss is granted as to claims two and three with respect to the moving Defendants.

## II. State Law Claims

In claims four through nine, Plaintiff asserts claims for violations of California state laws. Plaintiff does not allege that this Court has diversity jurisdiction over this action.[1] Plaintiff alleges that this Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

The federal supplemental jurisdiction statute provides: "[I]n any civil action of

---

[1] Plaintiff fails to allege the citizenship of any Defendant in the Complaint; accordingly, Plaintiff has failed to allege complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a)(2).

which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a state law claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Having dismissed the federal claims asserted by Plaintiff against the moving Defendants, the Court declines to exercise supplemental jurisdiction over the state law claims against the moving Defendants pursuant to 28 U.S.C. § 1367(c). *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction."); *San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998) (district courts not required to provide explanation when declining jurisdiction pursuant to 28 U.S.C. § 1367(c)).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 19) is GRANTED, and the Complaint is DISMISSED without prejudice as to Defendants JP Morgan Chase Bank, N.A., Washington Mutual Bank, and California Reconveyance Company.

DATED: December 2, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge